**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| AMERICAN AIRLINES, INC., Plaintiff, v. ALLIED PILOTS ASSOCIATION, Defendant. | Civil Action No. 4:12-cv-00083-Y<br>JUDGE TERRY R. MEANS |

**APPENDIX IN SUPPORT OF ALLIED PILOTS ASSOCIATION'S REPLY**

In accordance with Local Rules 56.5(c) and 56.6, Defendant/Counterclaim Plaintiff Allied Pilots Association ("APA") submits the following documentary evidence in support of "ALLIED PILOTS ASSOCIATION'S REPLY," filed contemporaneously herewith:

| EXHIBIT | DESCRIPTION | PAGES |
|---|---|---|
| Exhibit 7 | OE Worksheet (APA Arbitration Exhibit 3) | APP000078-79 |
| | Page 6 from Transcript of Arbitration May 17, 2011 | APP000080-81 |
| Exhibit 8 | Pages 210-11 from Transcript of Arbitration May 18, 2011 | APP000082-83 |

Dated: August 13, 2012

Respectfully submitted,

s/ Sanford R. Denison

SANFORD R. DENISON
Texas Bar No. 05655560
Baab & Denison, LLP
Stemmons Place, Suite 1100
2777 N. Stemmons Freeway
Dallas, TX 75207
Telephone: (214) 637-0750
Fax: (214) 637-0730
Email: denison@baabdenison.com

STEVEN K. HOFFMAN*
D.C. Bar No. 384696
JEFF VOCKRODT*
D.C. Bar No. 985635
James & Hoffman, P.C.
1130 Connecticut Avenue, NW, Suite 950
Washington, D.C. 20036
Telephone: (202) 496-0500
Fax: (202) 496-0555
Email: skhoffman@jamhoff.com
Email: jvockrodt@jamhoff.com

*Admitted *Pro Hac Vice*

COUNSEL FOR
DEFENDANT/COUNTERCLAIM PLAINTIFF
ALLIED PILOTS ASSOCIATION

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of August, 2012, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" via electronic mail on that date to counsel for all parties of record listed below.

DEE J. KELLY
ROGER C. DISEKER
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Email: dee_kelly@khh.com
Email: roger_diseker@khh.com

COUNSEL FOR PLAINTIFF
AMERICAN AIRLINES, INC.

s/ Sanford R. Denison
SANFORD R. DENISON

AA

# OE Worksheet

AA

X Transition — X Captain — ___ Upgrade — ___ First Officer — ___ Requal — ___ Probationary

Name Ron Minkin Emp No 041321 Equip 767 Base LAX

OE Requirements For This Pilot: _______ Hours _______ Cycles _______ Landings

- Verify OE requirements in the Flight Department Administrative Guide and with Flight Standards Scheduling prior to the OE. Depending on crewmember progress additional time may be allowed and must be coordinated with Flight Standards Scheduling.
- If OE is not complete, give this worksheet to the crewmember for relay to the next check airman.
- When OE is complete, advise Flight Standards Scheduling via telephone or DECS entry. Forward the worksheet to the crewmember's Base Director of Flight. Flight Standards Scheduling concurrence is required prior to the crewmember flying without a check airman.
- All applicable items must be accomplished or discussed. If comments require more than one line, indicate item number on comment.

Incomplete X Briefed B Satisfactory ✓

| | Flight Sequence | 1 | 2 | 3 | 4 | Comments |
|---|---|---|---|---|---|---|
| Preflight Preparation | 1. Appearance | | | | | |
| | 2. Kit Bag/License/Medical | ✓ | ✓ | ✓ | | |
| | 3. Flight Plan/Release | | | | | |
| | 4. International Planning | / | ✓ | ✓ | | |
| | 5. Security Procedures | | | | | |
| | 6. Departure Plan | ✓ | ✓ | ✓ | | |
| | 7. ACARS/Nav Uplink | | | | | |
| | 8. Flight Attendant & Safety Briefings | ✓ | ✓ | ✓ | | |
| | 9. Interior & Exterior Preflight Inspection | | | | | |
| | 10. Log Book/SEL/MEL | ✓ | ✓ | ✓ | | |
| | 11. FMS/GFMS Set Up | | | | | |
| | 12. Aircraft Exits (Include Cockpit Windows) | | ✓ | ✓ | | |
| | 13. Emergency Equipment | | | | | |
| | 14. ATC Clearances/PDC | ✓ | ✓ | ✓ | | |
| Start & Taxi | 15. Ground & Cockpit Communications | | | | | |
| | 16. Normal (APU) Engine Start | ✓ | ✓ | ✓ | | |
| | 17. Non-Normal Engine Start | | | | | |
| | 18. Push/Power Back & Gate Dept. Salute | ✓ | ✓ | ✓ | | |
| | 19. Location of Gear/Turning Radius | | | | | |
| | 20. Blast Patterns/Power Management | ✓ | ✓ | ✓ | | |
| | 21. APU Procedures | | | | | |
| | 22. Taxi Speed & Braking | | ✓ | ✓ | | |
| | 23. Anti-Ice/De-Ice Procedures (Holdover/Penalties) | | | | | |
| | 24. Departure Briefing | ✓ | ✓ | ✓ | | |
| Takeoff & Climb | 25. Roll/Rotation/Attitude | | | | | |
| | 26. Crosswind Control | ✓ | ✓ | ✓ | | |
| | 27. Gear & Flap Management | | | | | |
| | 28. Initial Climb Procedures | ✓ | ✓ | ✓ | | |
| | 29. SID & RNAV Departures | | | | | |
| | 30. Airspeed/Mach Control | ✓ | ✓ | ✓ | | |
| | 31. Altitude Alert/Level Off | | | | | |
| | 32. EMS/GFMS Checks | ✓ | ✓ | | | |
| Cruise | 33. Navigation Technique | | | | | |
| | 34. Radar Use (WX Avoidance/Tilt Control) | | ✓ | ✓ | | |
| | 35. Enroute Performance (Alt Selection/Turbulence) | | | | | |
| | 36. High Altitude Performance | ✓ | ✓ | B | | |
| | 37. Procedures Review | | | | | |
| | 38. Alternate Plan & WX Monitoring | ✓ | ✓ | ✓ | | |
| | 39. STAR/Airport/Arrival Review | | | | | |
| Des | 40. Descent Plan & Execution | | ✓ | | | |
| | 41. ATC Procedures/Arrival | | | | | |
| | 42. Holding | | B | | | |
| Approach & Landing | 43. Analysis of Airport Conditions | | | | | |
| | 44. Bug Speeds | ✓ | ✓ | | | |
| | 45. Determining Approach Type | | | | | |
| | 46. Approach Briefing | ✓ | ✓ | ✓ | | |
| | 47. Use of Charts & Raw Data | | | | | |
| | 48. Gear & Flap Management | ✓ | ✓ | ✓ | | |
| | 49. Execution of Approach | | | | | |
| | 50. Precision Approach | ✓ | ✓ | | | |
| | 51. Autoland or HUD Landing | | | | | |
| | 52. Non-Precision Approach | | B | | | |
| | 53. Visual Approach | | | | | |
| | 54. Landing/Touchdown Point | ✓ | ✓ | | | |
| | 55. Thrust Reverse & Brakes | | | | | |
| | 56. Drift/Crosswind Control | ✓ | ✓ | ✓ | | |
| | 57. Rollout | | | | | |
| | 58. Overweight Landings | | B | | | |

Exhibit 7

| | Flight Sequence | 1 | 2 | 3 | 4 | Comments |
|---|---|---|---|---|---|---|
| Park | 59. Gate/Arrival Procedures | ✓ | ✓ | ✓ | | |
| | 60. APU Procedures | ✓ | ✓ | ✓ | | |
| | 61. Log Book Entries/ARMS | | | | | |
| | 62. Maintenance Communications | ✓ | ✓ | ✓ | | |
| PAX | 63. Passenger Address | | | ✓ | | |
| | 64. Seat Belt/No Smoking | ✓ | ✓ | ✓ | | |
| | 65. Passenger Comfort | | | | | |
| HFS | 66. Situational Awareness | | ✓ | | | |
| | 67. Traffic Watch | | | ✓ | | |
| | 68. Communications | ✓ | ✓ | ✓ | | |
| | 69. Use of Checklists | | | | | |
| | 70. Callouts | ✓ | ✓ | ✓ | | |
| Miscellaneous | 71. Fuel Management/Observation | | | | | |
| | 72. Autoflight/Flight Guidance | ✓ | | | | |
| | 73. FMS/GFMS/PMS Procedures | | | | | |
| | 74. Airspeed Control | ✓ | ✓ | ✓ | | |
| | 75. Altimeter Procedures | | | | | |
| | 76. International Procedures | | HNL | OGG | | |
| | 77. TCAS | | | | | |
| | 78. Weather Codes/METARS | | ✓ | ✓ | | |
| | 79. Severe Weather Detection & Procedures | | | | | |
| | 80. GPWS/EGPWS | | ✓ | ✓ | | |
| | 81. ACARS | | | ✓ | | |
| | 82. Unusual Attitude/Aircraft Maneuvering | | b | | | |

## Check Airman Remarks

| CKA Name | Seq# | Date | Remarks |
|---|---|---|---|
| REITZ | 31038 | 4/9/10 | WELL PREPARED. 13.18 .56 14.14 |
| GRIFFIN, DE | | 4/14 15 | |
| Leng | 15769 | 4/21/10 | |
| | | | |

## OE Log

| CKA Name | Seq# | Date | Time | Cycles | Ldgs | AC | FAA Name |
|---|---|---|---|---|---|---|---|
| REITZ | 31038 | 4/9/10 | 14:14 | 5 | 4 | 75/76 | |
| GRIFFIN | | 4/14,15 | 10.38 | 2 | 1 | 75 | |
| Leng | 15769 | 4/21/10 | 6.39 | 2 | 2 | 757 | |
| | | | | | | | |
| | | Totals | | | | | |

## Management Reviews

Base Director of Flight ______________________ Date ____________

Fleet Captain (GSWFA) ______________________ Date ____________

AMERICAN AIRLINES, INC./ALLIED PILOTS ASSOCIATION
PILOTS SYSTEM BOARD OF ADJUSTMENT

In the Matter in Arbitration Between: *

AMERICAN AIRLINES, INC., Company, * Grievance No. P-04-11

AND * Captain Ronald Minkin

ALLIED PILOTS ASSOCIATION, Union. *

------------------------------------

GRIEVANCE HEARING

VOLUME 1

MAY 17, 2011

Testimony of:

Captain Bill Burns

------------------------------------

BE IT REMEMBERED that on May 17, 2011, from 9:57 a.m. to 3:57 p.m., I, Angela L. Mancuso, a Certified Shorthand Reporter in and for the State of Texas, appeared at American Airlines Training & Conference Center, 4501 Highway 360 South, Room F116-117, in the City of Fort Worth, County of Tarrant, State of Texas, whereupon the following proceedings were had:

COMPANY EXHIBITS (Cont.)


| NUMBER/DESCRIPTION | ID'D/AD'D |
|---|---|
| Company Exhibit 31 | |
| 1987 Section 23 | 360/387 |
| Company Exhibit 32 | |
| 1987 Section 10 | 366/387 |
| Company Exhibit 33 | |
| Declaration of Mark Burdette | 416/417 |


UNION EXHIBITS


| NUMBER/DESCRIPTION | ID'D/AD'D |
|---|---|
| [ Union Exhibit 3 | |
| OE Worksheet (completed form) | 145/152 ] |
| Union Exhibit 5 | |
| 9/15/10 letter from First Officers Karn and Conlon to Captain Smith | ---/296 |
| Union Exhibit 6 | |
| January 2010 Bid Award Review (3XP) for LAX/CA/767/INT | ---/419 |
| Union Exhibit 7 | |
| Schedules | ---/420 |
| Union Exhibit 8 | |
| 9/27/10 Notice of Hearing | ---/296 |
| Union Exhibit 13 | |
| History of 17.P | 147/152 |
| Union Exhibit 17 | |
| American Airlines Rules of Conduct | ---/421 |
| Union Exhibit 20 | |
| 9/28/10 e-mail from Captain Smith to First Officer Karn | 182/296 |
| Union Exhibit 22 | |
| 5/27/10 e-mail from Captain Bill Burns to Captain Greg Smith | 104/422 |
| Union Exhibit 24 | |
| Advanced Qualification Program Pilot Qualification Standards (entire document) | 151/152 |




UNION EXHIBITS (Cont.)


| NUMBER/DESCRIPTION | ID'D/AD'D |
|---|---|
| Union Exhibit 25 | |
| Qualification Requirements | 249/297 |
| Union Exhibit 26 | |
| New Awarded Bid Status Previous Bid Status (Demonstrative) | 330/423 |


REPORTER'S NOTE:

Quotation marks are used for clarity and do not necessarily reflect a direct quote.



PROCEEDINGS

(May 17, 2011, 9:57 a.m.)

ARBITRATOR BECK: Let's go on the record. We're on the record in an arbitration matter involving American Airlines, Inc., and the Air Line [sic] Pilots Association. I want to indicate the grievant's name is Ron Minkin, M-i-n-k-i-n.

I guess we should get appearances for the record. So on behalf of the company?

MR. FORMELLA: Gregg Formella on behalf of the company, and assisting me is Michelle Holtsinger.

ARBITRATOR BECK: Okay. Nice to meet you.

And on behalf of the union?

MS. KENNEDY: Tricia Kennedy.

ARBITRATOR BECK: Thank you both.

I think that we should indicate on the record that we have Exhibit C1A, which is a stipulation by the parties. Is that correct? It's an agreed-upon document, although it's a company exhibit.

MS. KENNEDY: With the corrections, we agree.

ARBITRATOR BECK: All right. And then I understand that -- so we'll receive C1A in evidence. I understand that tomorrow, Mr. Formella, you'll provide a



clean copy.

MR. FORMELLA: I will indeed, yes. Thank you.

ARBITRATOR BECK: That's good. So we've got that document in the record.

I guess with that, we're ready to have opening statements, if you'd like to make them. On behalf of the company, if you'd like to make an opening statement.

MR. FORMELLA: I would. Thank you.

ARBITRATOR BECK: You're very welcome to.

COMPANY'S OPENING STATEMENT

BY MR. FORMELLA:

Again, good morning, Arbitrator, members of the board. This case is about two different things. First of all, flight safety, flight safety for passengers and crews of American Airlines; secondly, it's about a pilot, Captain Minkin, who has been determined by a cadre of professional pilot trainers, who are called check airmen, and determined by their managers to be non-proficient in the cockpit. That was after he received extensive training and, after that, various support and opportunities to succeed in what's called operating experience.

This is someone who is also eligible to retire, by the way, but he nevertheless is arguing here

AMERICAN AIRLINES, INC./ALLIED PILOTS ASSOCIATION

PILOTS SYSTEM BOARD OF ADJUSTMENT

| | | |
|---|---|---|
| In the Matter in Arbitration Between: | * | |
| | * | |
| AMERICAN AIRLINES, INC., Company, | * | Grievance No. P-04-11 |
| | * | |
| AND | * | Captain Ronald Minkin |
| | * | |
| ALLIED PILOTS ASSOCIATION, Union. | * | |

---

GRIEVANCE HEARING

VOLUME 2

MAY 18, 2011

Testimony of:
Captain Greg Smith
Captain James A. Danahey
Captain Jeffrey W. Noe
Captain Terry M. Barker
First Officer Mike Karn
Captain Mark O'Grady
Captain Bill Burns

---

BE IT REMEMBERED that on May 18, 2011, from 9:17 a.m. to 3:46 p.m., I, Angela L. Mancuso, a Certified Shorthand Reporter in and for the State of Texas, appeared at American Airlines Training & Conference Center, 4501 Highway 360 South, Room F116-117, in the City of Fort Worth, County of Tarrant, State of Texas, whereupon the following proceedings were had:



Exhibit 8

210

MS. KENNEDY: Very good. We'll take that under advisement. I appreciate that, sir.
Q. (BY MS. KENNEDY) When you were determining whether or not Section 17.P was applicable to Captain Minkin's case, did you review the contract language in that regard, sir?
**A. Yes, we did.**
Q. Did you review any other documentation relating to Section 17.P?
**A. I don't recall what else we could have referred to.**
Q. So you don't recall referring to any other documentation; is that fair, sir?
**A. That's a fair statement.**
Q. Okay. Did anyone -- during your telephone conversation or anytime prior to the termination, did anyone indicate to you that there was any arbitration history relating to 17.P?
**A. No.**
Q. Okay. When you were considering whether or not Captain Minkin should be terminated, did you specifically rely on any provision set forth in Flight Manual Part 1?
**A. I can tell you that as I contemplated the impact of 17.P as related to Captain Minkin, my thought**

211

**process was that American Airlines has the full burden of liability for the safe transport of passengers, and that I am responsible for those pilots who conduct the flights domiciled in Los Angeles.**
**In my opinion, because of the performance in the 75/76, to place him in any other aircraft, when his problems were not related to a new aircraft but were related to basic airmanship, would have been wrong. I know that the union shares no burden of liability. American has it all, and I represent and have a fiduciary responsibility to American.**
MS. KENNEDY: And I move to strike as nonresponsive.
ARBITRATOR BECK: Well, I think it is nonresponsive, so I will agree to strike it.
Let me tell you, you know, this whole business to me doesn't make any difference. Either he was right or wrong in making his decision. What he thinks of the contract, what he thinks of whatever you just mentioned that he didn't respond to, whether he consulted it or not, I don't see what difference it makes.
Either his decision was right not to apply it -- it was right or it was wrong. It isn't going to help, whatever he thinks. I mean, we know what he thinks. He made the decision.

212

MS. KENNEDY: Very good, sir. I just might be done with that. Let me think.
ARBITRATOR BECK: Sure.
MS. KENNEDY: Gregg, are you willing to stipulate that he is not a contract expert?
MR. FORMELLA: Yes.
MS. KENNEDY: I want to take a short break. We may be done, but we'll see.
ARBITRATOR BECK: Sure.
(Recess from 10:23 a.m. to 10:41 a.m.)
ARBITRATOR BECK: Let's go back on the record. I'd just remind the witness he's still under oath. Do you have some additional?
MS. KENNEDY: The association has no further questions.
ARBITRATOR BECK: Do you have some redirect?
MR. FORMELLA: Yes, just a couple things.
ARBITRATOR BECK: Yes, sir.

REDIRECT EXAMINATION

BY MR. FORMELLA:
Q. Just to clarify a couple things, Captain.
Was there a union representative at the Standards Review Board?
**A. Yes, there was.**

213

Q. And who was that?
**A. First Officer Jay Pellicone.**
Q. Okay. Thank you. And in your testimony on direct, you had mentioned that you communicated with Vice President Hale.
When was that conversation, again, approximately?
**A. That would have been toward the end of September, sometime after the SRB.**
MR. FORMELLA: Very well. Thank you. That's all.
ARBITRATOR BECK: Anything further?
MS. KENNEDY: No.
ARBITRATOR BECK: Thank you, sir, very much. Are you resting?
MR. FORMELLA: We rest at this point subject to our response to their case, their burden on the contract issue.
ARBITRATOR BECK: You don't have to argue it each time.
MS. KENNEDY: Actually, that's a segue to what we were going to do. We are asking for a ruling from the system board at this point as to whether or not the company has to -- who has the burden of proof vis-a-vis 17.P and why the company didn't comply with it